## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Rudolph, | Civil No. _____ |
| Plaintiff, | |
| v. | |
| Receivables Performance Management, LLC, John Doe, and Keisha Doe, | **COMPLAINT** |
| Defendants. | **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Kevin Rudolph is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant Receivables Performance Management, LLC (hereinafter "Defendant RPM") is a collection agency operating from an address of 20816 44th Avenue West, Lynwood, WA 98036, with a registered agent address of CT Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.   Defendant John Doe (hereinafter "Defendant Doe #1") is a natural person who was employed at all times relevant herein by Defendant RPM as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.   Defendant Keisha Doe (hereinafter "Defendant Doe #2") is a natural person who was employed at all times relevant herein by Defendant RPM as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.   In or around 2000, Plaintiff's wife incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with Chase, in the approximate amount of $4,000.00, which was used by Plaintiff and his wife for personal, family and household purchases.

9.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

### *July 24, 2010 Collection Call*

10.    On or about July 24, 2010, Defendant RPM's collector, Defendant Doe #1, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.    Defendant Doe #1's call was received from telephone number 301-882-9954.

12.    Defendant Doe #1 failed to provide the notices required by 15 U.S.C. § 1692e(11).

13.    Defendant Doe #1 inquired into Plaintiff's plan for his wife's Chase debt.

14.    Plaintiff stated that he had an attorney who was working on the issue.

15.    Plaintiff asked for Defendant Doe #1's phone number stating that he would forward the number to his attorney.

16.    Plaintiff requested that Defendant Doe #1 stop calling.

17.    Thereafter the call ended.

18.    This call from Defendant Doe #1 to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *July 25, 2010 Collection Call*

19.   Less than 24 hours later, on or about July 25, 2010, Defendant RPM's collector, Defendant Doe #1, again contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20.   Defendant Doe #1 again failed to provide the notices required by 15 U.S.C. § 1692e(11).

21.   Plaintiff again stated that he was represented by an attorney regarding this debt.

22.   Plaintiff attempted several times to give Defendant Doe #1 Plaintiff's attorney's contact information.

23.   Plaintiff was rebuked by Defendant Doe #1 who was loudly speaking over Plaintiff while not letting Plaintiff answer.

24.   Defendant Doe #1 continued while he insisted that the debt was owed and demanding to know when payment would be made.

25.   Defendant Doe #1 continued speaking over Plaintiff stating that since you don't want to talk about this, I'll terminate the call or words to that effect.

26.   Finally, Plaintiff inquired into the identity of the debt buyer.

27.   Thereafter the call ended.

28.   This call from Defendant Doe #1 to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692f amongst others.

### *August 3, 2010 Collection Call*

29.   On or about August 3, 2010, Defendant RPM's collector, Defendant Doe #2, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30.   Defendant Doe #2 failed to provide the notices required by 15 U.S.C. § 1692e(11).

31.   Plaintiff, for the third time, stated that he was represented by an attorney with regard to this debt.

32.   Plaintiff gave his attorney's name and phone number to Defendant Doe #2.

33.   Plaintiff stated that if there were any more questions that Defendant Doe #2 should contact Plaintiff's attorney.

34.   Thereafter the call ended.

35.   This call from Defendant Doe #2 to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but

not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(10), 1692e(11), and 1692f amongst others.

### *Summary*

36.   All of the above-described collection communications made to Plaintiff by Defendant Doe #1, Defendant Doe #2, and other collection employees employed by Defendant RPM, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(2), 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692f amongst others.

37.   During their collection communications, Defendants and these individual debt collectors employed by Defendant RPM repeatedly failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692f, amongst others.

38.   The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and resulted in Damages to this Plaintiff.

*Respondeat Superior Liability*

39.   The acts and omissions of Defendant Doe #1, Defendant Doe #2, and other collectors employed as agents by Defendant RPM who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant RPM.

40.   The acts and omissions by Defendant Doe #1, Defendant Doe #2, and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant RPM in collecting consumer debts.

41.   By committing these acts and omissions against Plaintiff, Defendant Doe #1, Defendant Doe #2, and these other debt collectors were motivated to benefit their principal, Defendant RPM.

42.   Defendant RPM is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiffs.

## **<u>TRIAL BY JURY</u>**

43.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

44.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.   The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of this Plaintiff.

46.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

Dated: October 6, 2010                   Respectfully submitted,

**WHEATON LAW GROUP, PLLC**

By:  **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

csw                                   **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF HENNEPIN            )

Plaintiff Kevin Rudolph, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Kevin Rudolph

Subscribed and sworn to before me
this 6th day of October, 2010.

_____
Notary Public

CHRISTOPHER SEAN WHEATON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2012

-10-